J. S71039/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS R. MCMILLAN, | : | |
| | : | |
| Appellant | : | No. 368 MDA 2014 |

Appeal from the Judgment of Sentence October 30, 2013
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0003797-2012

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:              **FILED JANUARY 13, 2015**

Appellant, Marcus R. McMillan, appeals from the judgment of sentence entered in the York County Court of Common Pleas following his jury trial and convictions for, *inter alia*, possession with intent to deliver[1] ("PWID"). He challenges whether the Commonwealth had probable cause for the search warrant, the sufficiency of evidence for his PWID conviction, and whether his mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508(a)(2)(ii) was unconstitutional under **Alleyne v. United States**, 133 S.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

Ct. 2151 (2013). We affirm Appellant's conviction but vacate the judgment of sentence and remand for resentencing.

We adopt the facts and procedural history set forth in the trial court's opinion. *See* Trial Ct. Op., 5/27/14, at 1-5. The court sentenced Appellant to a mandatory minimum sentence of five to ten years' imprisonment based on 18 Pa.C.S. § 7508(a)(2)(ii). Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

> Did the trial court err when it denied [Appellant's[ motion to suppress . . . where the search warrant used to search the vehicle Appellant was driving was based on insufficient probable cause?
>
> Whether the evidence was insufficient as a matter of law to support the jury's finding that Appellant committed [PWID]?
>
> Whether the mandatory minimum sentence imposed in Appellant's case, pursuant to 18 Pa.C.S.A. § 7508(a)(2)(ii) (drug trafficking weight), is unconstitutional in light of the United States Supreme Court decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

Appellant's Brief at 5.

We summarize Appellant's arguments for his first two issues. He suggests the Commonwealth lacked probable cause to obtain a warrant to search the vehicle he was driving. He contends the court erred by relying on the contents of the warrant, which according to the notes of testimony of the suppression hearing, were that the police (1) heard a loud noise in the car,

(2) saw the passenger make furtive movements to the center console, and (3) located crack cocaine in an empty cigarette pack and guns nearby. Appellant maintains the jury erred by finding sufficient evidence that he constructively possessed the crack cocaine found near him in a clean cigarette pack. We hold Appellant is not entitled to relief.

Initially, Appellant waived his first issue by failing to include the search warrant as part of the record. *See Commonwealth v. Williams*, 715 A.2d 1101, 1105 (Pa. 1998) (holding issue is waived for failure to include in certified record necessary documents for review); *Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*) (same). Without the search warrant, this Court is unable to address Appellant's first issue. *See Williams*, 715 A.2d at 1105; *Preston*, 904 A.2d at 6-7.

With respect to Appellant's second issue, after careful review of the record, the parties' briefs, and the decision of the Honorable Michael E. Bortner, we affirm based on the trial court's decision. *See* Trial Ct. Op. at 6-10 (holding, *inter alia*, presence of clean cigarette pack near Appellant and drugs within pack were bundled for sale sufficient to establish PWID).

Lastly, Appellant challenges the legality of his mandatory sentence. He asserts that *Alleyne*[2] required that the jury make a determination of the amount of drugs he possessed before the court imposed the mandatory

---

[2] *Alleyne* was issued prior to Appellant's trial and conviction.

minimum sentence set forth in 18 Pa.C.S. § 7508(a)(2)(ii). We agree

Appellant is entitled to relief.

Subsection 7508(a)(2)(ii) follows:

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

(2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; . . .

18 Pa.C.S. § 7508(a)(2)(ii).

Recently, in a series of cases, this Court has held that mandatory

minimum sentences imposed under certain subsections of 18 Pa.C.S. § 7508

were illegal. ***See Commonwealth v. Cardwell***, ___ A.3d ___, ___, 2014

WL 6656644, *6 (Pa. Super. Nov. 25, 2014) (concluding trial court erred by imposing mandatory minimum sentence under subsection 7508(a)(4)(i)); *Commonwealth v. Fennell*, ___ A.3d ___, ___, 2014 WL 6505791, *6 (Pa. Super. Nov. 21, 2014) (vacating mandatory minimum sentence imposed per subsection 7508(a)(7)(i)); *Commonwealth v. Thompson*, 93 A.3d 478, 493 (Pa. Super. 2014) (holding mandatory minimum sentence under subsection 7508(a)(2)(ii) was illegal); *see also Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014) (declaring mandatory minimum sentence set forth in 42 Pa.C.S. §§ 9712 and 9713 were unconstitutional); *Commonwealth v. Newman*, 99 A.3d 86, 103 (Pa. Super. 2014) (*en banc*) (holding unconstitutional mandatory minimum sentence imposed under 42 Pa.C.S. § 9712.1).

The *Thompson* Court opined as follows:

> [A]pplication of the mandatory minimum sentence in this case constituted an illegal sentence in violation of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).
>
> According to the *Alleyne* Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.
>
> . . . *Alleyne* necessarily implicated Pennsylvania's legality of sentencing construct since it held that it is improper to

> sentence a person to a mandatory minimum sentence absent a jury's finding of facts that support the mandatory sentence. Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits.

***Thompson***, 93 A.3d at 493-94 (citations omitted). The ***Thompson*** Court thus vacated the defendant's sentence under subsection 7508(a)(2)(ii) as illegal and remanded for resentencing. ***Id.*** at 494. Instantly, given the ***Thompson*** Court opined on the exact same subsection invoked to impose the mandatory minimum sentence on Appellant, we similarly vacate his sentence and remand for resentencing. ***See id.***

Commonwealth's application for extension of time to file brief granted. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/13/2015</u>

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH                    :

    v.                          :          NO. CP-67-CR-3797-2012

               :

MARCUS R. McMILLAN              :
       Defendant/Appellant     :

COUNSEL OF RECORD:

    Jennifer M. Smith, Esquire          Heather A. Reiner, Esquire
    Counsel for the Commonwealth        Counsel for Defendant/Appellant

## OPINION IN SUPPORT OF ORDER PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

The Court received a Notice of Appeal, filed on February 21, 2014, that the Defendant appeals to the Superior Court of Pennsylvania the judgment of sentence, issued by the Court on January 29, 2014. The Court has reviewed the record, and the Defendant's Statement of Matters Complained of on Appeal, docketed on March 17, 2014. This Court now issues this Opinion in support of its judgment of sentence, dated January 29, 2014.

### I.   Procedural History

From August 12 to August 14, 2013, the Court held a jury trial for the Defendant in this case. On August 14, the jury found the Defendant guilty of possession with intent to deliver cocaine, under 35 P.S. § 780-113(a)(30) and found the Defendant not guilty of numerous firearm charges. The jury further found that the amount of cocaine was more than 10 grams but less than 100 grams. The jury did not find that a firearm was in close proximity. On October 30, 2013, the Defendant returned to court for sentencing in this matter. Due to the weight of the cocaine found by the jury, the Commonwealth filed notice that they

1

were seeking the mandatory sentence pursuant to 18 Pa. C.S.A. § 7508. The Court sentenced the Defendant in accordance with this mandatory, and it imposed a sentence of 5 to 10 years in a state correctional institution and a $30,000 fine.

The Defendant filed a post-sentence motion on November 8, 2013. The Court conducted a hearing on the Defendant's motion on January 29, 2014, and heard argument from both parties. At the conclusion of the hearing, the Court denied the Defendant's post-sentence motion.

The Defendant filed a notice of appeal on February 21, 2014. The Court issued an order on February 25, 2014, for the Defendant to file a Statement of Matters Complained of on Appeal. On April 17, 2014, the Court received the Defendant's 1925(b) statement.

The Defendant now challenges four issues on appeal. First, the Defendant argues that the Court erred by denying the Defendant's oral motion to suppress. Second, the Defendant argues that the Commonwealth presented insufficient evidence for the jury to find the Defendant guilty of PWID beyond a reasonable doubt. Third, the Defendant argues that the jury's verdict with regard to PWID goes against the weight of the evidence presented at trial. Fourth, the Defendant argues that the Court erred by imposing the mandatory minimum sentence under 18 Pa. C.S.A. § 7508 because the statute is unconstitutional.

II.     Facts

At approximately 12:17 p.m. on the afternoon of April 10, 2012, the York City police received an anonymous phone call regarding an incident occurring at 412 East College Avenue. (N.T., Trial 8/12-8/14/2013, pp. 86-87). The caller informed police that three black males were smoking marijuana in a green truck parked at that location. *Id.* at 87. Officers Meeker and Glatfelter responded to that location and approached the vehicle in question, which at that point had only two black, male occupants. *Id.* at 88. After obtaining and running the identification from both the driver (Defendant) and passenger, Officer

2

Glatfelter informed Officer Meeker that the passenger had warrants out for his arrest. *Id.* at 90. At that point, both officers knew they had to take the passenger into custody. *Id.*

Officer Meeker re-approached the vehicle on the passenger side and informed the passenger that he had warrants and needed to be taken into custody. *Id.* at 91. On his approach to the vehicle, Officer Meeker testified that he observed the passenger looking over his shoulder and shifting around in his seat. *Id.* at 106. He also explained that he heard a very loud, metallic "thunk" on what he thought to be the floorboard. *Id.* Officer Meeker testified that he had previously heard similar noises, and his experience as a police officer told him that it may be a gun. *Id.*

Because the thought of a gun raised concern for officer safety in a high crime area, Officer Meeker commanded the passenger to show his hands. *Id.* at 107-08. At that time, the passenger's left hand was concealed near the center console of the vehicle. *Id.* at 108. Officer Meeker was concerned that the passenger was concealing a weapon. *Id.* Officer Meeker then drew his sidearm and repeated his command for the passenger to show his hands. *Id.* The passenger then started to exit the vehicle; however, Officer Meeker explained that he continued to keep his left hand concealed between the passenger seat and center console. *Id.* Officer Meeker then testified that he grabbed the passenger and pulled him out of the vehicle. *Id.*

While attempting to take the passenger into custody, a struggle ensued between both officers and the passenger. *Id.* at 91. At this point in time, the main attention of both officers was on the passenger and handcuffing him. *Id.* at 93. Both officers explained that the Defendant (driver) was not their main focus. *Id.* Officer Glatfelter testified that the Defendant did walk up to the driver side rear of the vehicle at one point, and the Defendant complied when Officer Glatfelter commanded him to get back. *Id.* at 93. A short time later, the Defendant returned on the passenger side of the vehicle, and the Defendant appeared to be

3

videotaping the incident with his cell phone. *Id.* at 93. Officer Glatfelter explained that he saw the Defendant's hand outstretched in front of him. *Id.* at 94. When asked to get back again, the Defendant complied. *Id.*

Once the passenger was handcuffed and other officers had arrived, Officer Glatfelter informed the other officers that the Defendant had been videotaping the incident and that he wanted the phone as evidence. *Id.* at 95, 118. Officer Hartman testified that the phone was important because it would show the struggle and the assault on the two officers. *Id.* at 118-19. Officer Glatfelter informed the other officers that the man with the phone was a black male with dreadlocks and wearing black. *Id.* at 96, 119. Officer Hartman began to canvas the area and eventually found the Defendant standing near the breezeway between 410 and 412 East College Avenue. *Id.* 121-22. Officer Hartman testified that the only people in the backyard (location of incident) at that time were the officers, the arrested passenger, the Defendant, and a resident of 412 East College. *Id.* at 121.

After the police retrieved the Defendant's cell phone, the officers told him he was free to leave the area, and the officers continued to look for the keys to the vehicle. *Id.* at 122-23. While looking for the car keys, Officer Aikey found an empty Newport cigarette pack with 9.8 grams of crack cocaine inside it. *Id.* at 164. The 9.8 grams consisted of 3 separate, individual packages. *Id.* at 224. The empty pack was found near the breezeway entrance to the backyard. *Id.* Officer Kirby testified that when he arrived on scene and came through the breezeway, the Defendant had been standing very near to the location where the cocaine was found. *Id.* at 172-74. Officer Kirby also realized that the Defendant had removed his vest. *Id.* Officer Hartman testified that the Newport cigarette pack was not dirty after being retrieved from the ground. *Id.* at 130. At that time, the Defendant was placed under arrest. *Id.* at 131.

After being placed under arrest, the Defendant was searched, and the officers found $50.00 in

4

cash. *Id.* at 134. The car keys were not found; however, the police did obtain a search warrant for the vehicle. *Id.* at 135. The vehicle was registered to the Defendant's sister. *Id.* at 147-48. When the vehicle was searched, police found an empty Newport cigarette pack and 2.8 grams of unpackaged crack cocaine in the center console. *Id.* at 135. Officer Hartman testified that crack cocaine is usually smoked, and no use paraphernalia was found either inside or outside of the vehicle. *Id.* at 150. At trial, the Commonwealth's expert witness on possession with intent to deliver testified that, in his expert opinion, the crack cocaine found was possessed to sell. *Id.* at 213-232.

## III.     Matters Complained of on Appeal

### A.     Suppression Motion

The Defendant argues that the Court erred by denying his oral suppression motion presented to the Court before the start of the trial. Specifically, the Defendant argues that the Court erred when it found that sufficient probable cause existed for the officers to search the Defendant's vehicle. We disagree and conclude that probable cause did exist to search the Defendant's vehicle.

In order to search the Defendant's vehicle, the officers needed probable cause to obtain a search warrant. Probable cause is determined by the totality of the circumstances. *Commonwealth v. Clark*, 735 A.2d 1248, 1252 (Pa. 1999). Probable cause is governed by an objective standard, and it "must be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." *Id.*

In this case, after viewing the totality of the circumstances, the Court concludes that the officers did have probable cause to obtain a search warrant for the Defendant's vehicle. The Court supports its original ruling on the suppression issue and finds that it was not an abuse of discretion. The Court stated

5

its rationale for finding probable cause in the instant case on the record before trial. (See N.T., Trial, pp. 69-70). The Court defers to its original reasoning and concludes that the officers had probable cause to search the Defendant's vehicle after obtaining a search warrant. For this reason, the Court properly admitted the evidence seized as a result of that search.

B.      Sufficiency of the Evidence for Possession with Intent to Deliver

The Defendant argues that the evidence presented by the Commonwealth at trial was insufficient for the jury to find the Defendant guilty of PWID beyond a reasonable doubt. The Defendant contends that the evidence was insufficient to prove either constructive possession of the cocaine or intent to deliver it. We disagree.

Where the challenge is to sufficiency of evidence, the evidence must be reviewed "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000); see *Commonwealth v. Hutchinson*, 947 A.2d 800, 805 (Pa. Super. 2008). For the conviction to be upheld, the evidence must be sufficient to allow the fact-finder to find every element of the crime beyond a reasonable doubt. *Id.* In proving the crime, the Commonwealth may rely solely on circumstantial evidence, and the fact-finder is permitted to believe all, part, or none of the evidence. *Id.* at 806; see also *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007). Any doubts about the defendant's guilt are to be resolved by the fact-finder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from the evidence. *Commonwealth v. Habay*, 934 A.2d 732, 735 (Pa. Super. 2007). "The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented." *Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa. Super. 2010) (quoting *Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008)).

6

To satisfy the elements of possession with intent to deliver a controlled substance, the Commonwealth must prove that the defendant possessed a controlled substance and intended to deliver that same controlled substance. 35 P.S. § 780-113(a)(30); see also *Commonwealth v. Bricker*, 882 A.2d 1008 (Pa. Super. 2005). When the defendant was not found with the controlled substance on his person, "the Commonwealth [is] required to establish that [defendant] had constructive possession of the seized items" or controlled substance. *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012) (citing *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003)). "Constructive possession is a legal fiction." *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011)(citations omitted). Pennsylvania courts have defined constructive possession "the ability to exercise a conscious dominion over the illegal substance: the power to control the [illegal substance] and the intent to exercise that control." *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011) (citing *Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992)). The intent to maintain a conscious dominion can be proved and inferred from the totality of the circumstances. *Johnson*, 26 A.3d at 1094 (quoting *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). As such, the Commonwealth may prove constructive possession of a controlled substance by circumstantial evidence. *Id.*

The second element the Commonwealth must prove is intent to deliver the controlled substance possessed by the defendant. Under Pennsylvania law, "the fact-finder may infer intent to deliver drugs from the facts and circumstances surrounding the case." *Commonwealth v. Heater*, 899 A.2d 1126, 1131 (Pa. Super. 2006) (citing *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003)). Many relevant factors may be considered when determining if intent to deliver exists in a particular case, and these factors include: "the manner of packaging, the absence of paraphernalia for drug use, the behavior of the defendant, the presence of large amounts of cash, and expert opinion testimony." *Heater*, 899 A.2d at

7

1131 (citations omitted).

As stated previously, the Court must first determine whether the Defendant constructively possessed the cocaine seized by police, which includes both the cocaine found in the car and in the empty cigarette pack. More specifically, the issue is whether the circumstances show that the Defendant had the ability to exercise conscious dominion over the cocaine. See *Johnson*, supra. The Defendant argues that the evidence presented was not sufficient to prove constructive possession beyond a reasonable doubt. We disagree.

The evidence presented at trial revealed that the police located the 9.8 grams of cocaine in the cigarette pack very near to where the police saw the Defendant standing. (N.T., Trial 8/12-8/14/2013, pp. 164, 172-74). The Defendant, the arrested passenger, and the police officers were the only people in the backyard area at the time the cocaine was located. *Id.* at 121. Officer Kirby testified that the Defendant had removed his vest after more police had arrived on scene. *Id.* at 172-74. Officer Kirby further explained that the cigarette pack was not dirty when it was found. *Id.* at 130. These facts provide sufficient evidence for a jury to find that the 9.8 grams of cocaine packaged in the cigarette pack were property of the Defendant. Common sense tells the Court, and most likely the jury, that the Defendant walked over to the breezeway to get rid of the 9.8 grams of cocaine. The circumstances show that this cocaine was the Defendant's property. See *Johnson*, supra. The fact that the cocaine was separated into three individual packages inside the cigarette pack shows the Defendant's "conscious dominion" over the 9.8 grams of cocaine. See *Johnson*, supra. The individual packaging and the use of the empty cigarette pack to disguise the drugs shows the required intent to control the cocaine. As such, the Court concludes that the Defendant constructively possessed the 9.8 grams of cocaine found by police in the empty cigarette pack.

8

The Court also concludes that the Defendant possessed or constructively possessed the 2.8 grams of cocaine in his car. The cocaine was found unpackaged in his center console. This fact alone shows that the Defendant had a conscious dominion over the cocaine in his own car. The Court concludes that the Defendant constructively possessed both weights of cocaine found by the police, and as such, the Court concludes that the evidence was sufficient to establish this element of PWID beyond a reasonable doubt.

The Court must next consider whether the Defendant possessed intent to deliver the cocaine found in both his car and the empty cigarette pack. To analyze this element, the Court must consider the totality of the circumstances and review the applicable factors mentioned previously.

As mentioned before, many relevant factors may be considered when determining if intent to deliver exists in a particular case, and these factors include: "the manner of packaging, the absence of paraphernalia for drug use, the behavior of the defendant, the presence of large amounts of cash, and expert opinion testimony." *Heater*, 899 A.2d at 1131 (citations omitted). The Commonwealth called Detective Andrew Shaffer to testify as an expert witness in the area of possession with intent to deliver. In this case, the cocaine found in the cigarette pack was individually packaged into three separate baggies. Officer Shaffer testified that drugs are commonly packaged in items, such as cigarette packs, to disguise its true identity, and he further explained that each individual package of cocaine in the cigarette pack seemed split into "eight balls," a common term for a particular weight on the street. (N.T., Trial, 8/12-8/14/2013, pp. 216-17, 224. The police found no use paraphernalia in this case, and Officer Shaffer testified that crack cocaine must be smoked in order for a user to feel its effects. *Id.* at 150, 215-16. Officer Shaffer, after viewing all the factors of this individual case, testified that in his expert opinion, the cocaine found was possessed with the intent to deliver it. *Id.* at 213-232.

The Court finds that the testimony presented at trial provides enough circumstances to infer intent

9

to deliver cocaine in this case. Since the Commonwealth is entitled to all reasonable inferences, the Court concludes the evidence presented was sufficient for a jury to find the element of intent to deliver beyond a reasonable doubt. Since the evidence was sufficient to establish both possession and intent to deliver, the Court concludes that the jury had sufficient evidence to find the Defendant guilty of PWID beyond a reasonable doubt.

C.    Weight of the Evidence

The Defendant argues that the Jury's verdict goes against the weight of the evidence presented during trial. Specifically, the Defendant contends that no credible or reliable evidence exists to prove that the Defendant committed PWID in this case.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citing *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995), *cert. denied*, 519 U.S. 827 (1996)). "The trial court should grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice and not where the evidence is conflicting or where the trial judge would have reached a different conclusion on the same facts." *Lombardo v. DeLeon*, 828 A.2d 372, 374 (Pa. Super. Ct. 2003) (citing *Davis v. Mullen*, 773 A.2d 764, 766 (Pa. 2001)).

In the instant case, the Commonwealth presented the testimony of numerous officers that were present before or during the Defendant's arrest. The Commonwealth also presented expert testimony from Detective Shaffer, who was qualified as an expert in possession with intent to deliver. The jury found this testimony to be credible, and as the fact-finder, the jury was free to believe all, part or none of the officers' testimony. *See Champney*, supra. The jury's decision to believe the testimony of these officers and give that testimony enough weight to find each element of PWID does not shock the Court's sense of justice.

10

As such, the Defendant was not entitled to a new trial, and the Court concludes that the jury's verdict does not go against the weight of the evidence presented at trial.

### D. Legality of Mandatory Minimum Sentence

Lastly, the Defendant argues that the Court committed legal error by imposing the mandatory minimum sentence pursuant to 18 Pa. C.S.A. § 7508(a)(2)(ii). Specifically, the Defendant argues that the decision in *Alleyne v. United States* makes this statute unconstitutional, and as such, the statute and application of the mandatory minimum sentence violated the Defendant's right to trial by jury and right to due process. 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). We disagree.

The Court stated its position, in full, during the sentencing hearing, which was held before the Court on October 30, 2013. The Commonwealth did file its notice that they were seeking the mandatory pursuant to § 7508. At the sentencing hearing, the Court stated the following:

> THE COURT: We don't need a judge in this case. There is no role for the judge...[T]he legislature has taken this out of the hands of judges. They have decided that they know better. The mandatory penalty is 5 to 10 years, and the Commonwealth is invoking it. We have to follow it and if I were not to, the case could come back on appeal and I would be directed to impose the mandatory sentence [...]
>
> THE COURT: Over 10 grams of cocaine. That by itself triggers the mandatory which the Commonwealth has filed and invoked. The basis for invoking it is the conviction for possession with intent to deliver cocaine, and more specifically, that the amount was between 10 and 100 grams.
>
> The Court is duty bound to impose the mandatory minimum of 5 to 10 years.
> We would note that the Defendant does have a prior drug conviction from 2006 [...].

See N.T., Sentence 10/30/2013, pp. 2-3. The Court clearly stated its reasons during the sentencing hearing, and in fact, the Court has no discretion during sentencing in the instant case. During the hearing on the Defendant's post-sentence motion, the Court explained the compliance with the *Alleyne* decision as follows:

11

THE COURT: Well, we note the jury found the Defendant not guilty of seven different charges of firearms, so the jury did a good job of separating these things but they did however find, actually eight. They did find him guilty of PWID cocaine. They found it was over ten grams, so that finding was made by the jury. They found there was [not] a firearm in close proximity, which would have further enhanced it. The *Alleyne* decision has been complied with.

See N.T., Post-Sentence Motion 1/29/2014, p. 7.

The Court sentenced the Defendant according to the current state of the law in both Pennsylvania and the United States. The Court complied with the requirements enunciated in the *Alleyne* decision. As such, the Court concludes that the Defendant's sentence was proper and defers to its original ruling and rationale stated on the record.

## IV.    Conclusion

Based upon the reasons stated above, this Court respectfully urges affirmance the Court's judgment of sentence, entered on October 31, 2013.

BY THE COURT,

_____
MICHAEL E. BORTNER, JUDGE

DATED: May 27ᵗ, 2014

12



**BATCH**

Defendant-Name:

## Marcus R. McMillan



**APPEAL**

**Case Number**



CP - 67 - CR - 0003797 - 2012

OTN:

**L 700572-5**

Bortner, Michael E.

| Serviced TO: | BY: | Mail | CERT Mail | Inter-Office | Hand DEL | FAX | E-MAIL |
|---|---|---|---|---|---|---|---|
| 1. DA | | | | X | | | |
| 2. H. Reiner | | X | | | | | |
| 3. | | | | | | | |

Notes:

☐ **RE-SCAN needed**

Reason:

RETURN TO RECORDS UNIT

I attest and certify that as Deputy Clerk of Courts I have properly Serviced and Docketed the documents related to this case action and have verified the completeness and image quality of the scanned documents.

☒ **Docketed in CPCMS**    Date: 5/28/14

☐ Scanned Images OK - Verified / QC'd

Signature or Stamp - Deputy Clerk of Courts

## Don O'Shell - York County Clerk of Courts