641 A.2d 1204

**COMMONWEALTH of Pennsylvania**

v.

**Shawn WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1994.

Filed May 17, 1994.

72

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before ROWLEY, President Judge, and SAYLOR and HESTER, JJ.

HESTER, Judge:

Shawn Walker appeals from the April 29, 1993 order entered by the Court of Common Pleas of Philadelphia County denying his writ of certiorari. On September 23, 1992, the Philadelphia Municipal Court denied a motion to suppress filed by appellant, found him guilty of carrying a concealed weapon without a license, and sentenced him to one year of reporting probation plus costs. In his motion to suppress, appellant contended that the concealed weapon which police seized must be suppressed since they unlawfully searched him. He argued that police were not empowered to arrest and search him but only could issue a citation for the summary offense he committed for which they initially stopped him. Consequently, he now argues that the trial court erred in denying his writ of certiorari, and we should reverse his conviction. We affirm.

 Our standard of review for the denial of a motion to suppress is clear. In *Commonwealth v. Haynes*, 395 Pa.Super. 322, 333, 577 A.2d 564, 570 (1990), we stated:

Our responsibility is to "determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Hubble*, 318 Pa.Su-

per. 76, 78, 464 A.2d 1236, 1237 (1983). Additionally, we must consider the prosecution's evidence and so much of the defendant's evidence as remain uncontradicted. *Commonwealth v. Mancini,* 340 Pa.Super. 592, 490 A.2d 1377 (1985). When ruling on suppression motions, the suppression court is required to make findings of fact and conclusions of law as to whether evidence was obtained in violation of the defendant's constitutional rights (Pa.R.Crim.P. 323(i)).

Bearing this standard in mind, the record reveals the following. On April 24, 1992, Philadelphia Police Officer Anthony McFadden was on duty with a partner in the subway station at 1500 Market Street. He observed appellant leap over the exit turnstyle to gain entrance to the train platform without paying a fare. When appellant realized his act had been noticed by the police officers, he started to leave the platform and attempted to evade them. The officers ordered appellant to stop, and he complied. They then frisked the outside of his clothing for their own protection. Officer McFadden felt a hard object in appellant's left trouser leg from which he removed a handgun. The gun was fully operational and unlicensed.

Appellant moved to suppress the handgun. He does not contend that the instant stop was illegal; instead, he asserts that the search in this case was unlawful since it involved only a summary offense. Consequently, he argues that the gun which police confiscated should be suppressed as fruit of an unlawful search. *See Maryland v. Macon,* 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985), *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980) (fruits of unlawful search should be suppressed). In support, he notes that attempted theft of public transit services is graded as a summary offense. Next, he contends that warrantless arrests are authorized only in connection with certain summary offenses.

Appellant argues that police possess limited authority to arrest and search when summary offenses are involved. Unlike felonies and misdemeanors, arrest is permitted in

summary offenses only when it is authorized by law. *Commonwealth v. Bullers*, 410 Pa.Super. 176, 599 A.2d 662 (1991). Appellant further notes that the legislature expressly has authorized arrest in certain summary offenses, such as specified violations of the Motor Vehicle Code and in domestic disturbances. Since the legislature similarly has not authorized arrest for the summary offense of attempted theft of public transit services, which appellant committed, he claims by implication that police lacked lawful authority to arrest and search him.

Appellant further contends that the Comment to Pa. R.Crim.P. 70 does not apply. It provides that. a warrantless arrest may be effected for a summary offense where violence, threat of imminent violence, or a danger that flight might occur exist, even though a warrantless arrest is not specifically authorized for a particular summary offense. Instantly, appellant asserts that his offense did not involve violence, and he did not flee but stopped as soon as police ordered him to stop. Consequently, he contends police were restricted in this instance merely to issuing a citation. In support, appellant cites Pa.R.Crim.P. 51, which provides that summary cases shall be instituted by issuing a citation unless arrest without a warrant specifically is authorized.

Finally, appellant argues that 18 Pa.C.S. § 3904 does not apply. That section provides, "A law enforcement official shall have the same right of arrest without a warrant for any grade of theft as exists or may hereafter exist in the case of commission of a felony." Appellant interprets 18 Pa.C.S. § 3904 as applying only in instances where a theft is committed in conjunction with a felony. We disagree and find the Commonwealth's construction of 18 Pa.C.S. § 3904 is more compelling. The Commonwealth interprets 18 Pa.C.S. § 3904 as authorizing police to arrest without a warrant in all grades of theft.

We note that appellant's construction of 18 Pa.C.S. § 3904 is illogical in that it would not add to the power of police to arrest for theft since police already possess the power to

arrest without a warrant for thefts committed in conjunction with a felony. Moreover, appellant's interpretation of 18 Pa.C.S. § 3904 would permit police to arrest without a warrant for felonies they do not observe, but render them unable to arrest for summary thefts they do observe. We find appellant's construction of 18 Pa.C.S. § 3904 is flawed. *See* 1 Pa.C.S. § 1903(a) (words of a statute should be construed according to their common and approved usage); *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982) (a court must construe the words of a statute according to their plain meaning).

Instead, we agree with the Commonwealth's interpretation that 18 Pa.C.S. § 3904 authorizes police to arrest without a warrant in all grades of theft. Our conclusion is buttressed by the recent decision of the Pennsylvania Supreme Court in *Commonwealth v. Bullers*, 536 Pa. 84, 637 A.2d 1326 (1994), in which the Court noted that 18 Pa.C.S. § 3904 granted police specific authority to arrest without a warrant for thefts, and *Commonwealth v. Bullers*, 410 Pa.Super. 176, 599 A.2d 662 (1991) (same case), where we stated that the language in 18 Pa.C.S. § 3904 sets no limit on police authority to arrest for thefts without a warrant, irrespective of what grade of theft is involved.

The constitutional requirements for effecting a valid arrest are distinct from the constitutional requirements for a valid search and seizure. *Commonwealth v. Westerfer*, 294 Pa.Super. 459, 440 A.2d 556 (1982). Hence, the requirements for a valid arrest without a warrant are a matter left to state law. *See United States v. Carter*, 118 F.Supp. 559 (W.D.Pa. 1954). Accordingly, there is no constitutional prohibition to the legislature providing in 18 Pa.C.S. § 3904 that police may arrest in all cases of theft without a warrant as they are empowered to do in the commission of felonies. *Compare Commonwealth v. Gibson*, 536 Pa. 123, 638 A.2d 203 (1994) (the Court reversed a summary conviction and held that police could not search an apartment and issue a citation for the summary offense of underage drinking without probable cause

to believe that underage drinking was taking place in the apartment).

■ We conclude that 18 Pa.C.S. § 3904 specifically authorized police to arrest appellant without a warrant after they observed him commit the summary offense of attempted theft of public transit services. Therefore, the subsequent search of appellant was lawful as incident to a valid arrest. *See United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Commonwealth v. Ellsworth,* 421 Pa. 169, 218 A.2d 249 (1966).

Order affirmed.