J-S50025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTEZ BROWN | |
| Appellant | No. 1735 EDA 2014 |

Appeal from the Judgment of Sentence May 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-00111444-2013

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.: **FILED SEPTEMBER 09, 2015**

Appellant, Montez Brown, appeals from the May 30, 2014 aggregate judgment of sentence of four to ten years' imprisonment, to be followed by three years' probation, imposed after Appellant was found guilty of one count each of possession of a firearm prohibited, possession of a firearm with the manufacturer's number altered, firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.[1] After careful review, we affirm.

The trial court summarized the relevant factual and procedural background of this case as follows.

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6110.2(a), 6106(a)(1), and 6108, respectively.

> [O]n August 24, 2013, at approximately 9:00 PM, Police Officer Kevin Hanvey, a newly minted officer, and his partner, were on a "special beat" foot patrol in the vicinity of the 2500 West Fletcher Street in Philadelphia. The "special beat" was the result of shootings in the area, including a shooting within the previous week, about three blocks away.
>
> The officer observed [Appellant] riding a bicycle the wrong way down 30th Street, a one way street running south. As the officers discussed approaching [Appellant] to stop him for the traffic violation, before they spoke to him and while he was about a block away, [Appellant] was observed making some kind of "adjustment" to his left pant leg/boot area.
>
> As the officers attempted to stop [Appellant], he threw his bike down toward Officer Hanvey, asked why he was being stopped, then turned and sprinted away. Officer Hanvey gave chase, grabbed [Appellant] by his belt, restrained him and handcuffed him. The officers then saw a visible bulge [by Appellant's] left boot, through [Appellant]'s tight pants. [Appellant] was frisked for the officers' safety and the object was felt to be a hard metal object, which when retrieved proved to be a gun.

Trial Court Opinion, 11/4/14, at 2-3.[2]

On September 13, 2013, the Commonwealth filed an information charging Appellant with the above-listed offenses. Appellant filed a motion to suppress on November 4, 2013. The trial court conducted a suppression hearing on January 16, 2014, at the conclusion of which the trial court

_____

[2] We note the trial court's opinion does not contain pagination. Therefore, we have assigned each page a corresponding page number.

denied said motion. Appellant proceeded to a stipulated bench trial on March 14, 2014, at the conclusion of which Appellant was found guilty of all charges. On May 30, 2014, the trial court imposed an aggregate sentence of four to ten years' imprisonment, to be followed by three years' probation.[3] Appellant did not file a post-sentence motion. On June 11, 2014, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant presents one issue for our review.

> Whether the [trial] court erred in failing to grant the motion to suppress the physical evidence?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review.

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

---

[3] Specifically, the trial court sentenced Appellant to four to ten year's imprisonment for possession of a firearm with the manufacturer's number altered and three and one-half to seven years' imprisonment for firearms not to be carried without a license. These imprisonment terms were to run concurrently. The trial court also imposed a sentence of three years' probation for possession of a firearm prohibited, to run consecutively to the sentences of incarceration. The trial court imposed no further penalty for carrying a firearm in public in Philadelphia.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

***Commonwealth v. Gary***, 91 A.3d 102, 106 (Pa. 2014) (citation omitted).

In the instant case, Appellant does not challenge Officer Hanvey's initial stop, rather he argues that the stop was pre-textual to investigate the officers' observation of the bulge in Appellant's boot. Appellant's Brief at 12. Furthermore, Appellant avers the trial court incorrectly concluded that the officers had probable cause to arrest Appellant for either simple assault or fleeing or eluding an officer, rendering the frisk of Appellant's person unconstitutional. ***Id.*** at 16-18. The Commonwealth counters that the officers did have probable cause to arrest, or in the alternative, they had reasonable suspicion for a ***Terry***[5] frisk. Commonwealth's Brief at 6-7.[6]

"The Fourth Amendment of the Federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." ***Commonwealth v. Carter***, 105 A.3d 765, 768 (Pa. Super. 2014) (*en banc*), *appeal denied*, 117 A.3d 295 (Pa. 2015), *quoting* U.S. Const. amend. IV. "Likewise, Article I, Section 8 of the Pennsylvania Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures …." ***Id.***, *quoting* Pa.

---

[5] ***Terry v. Ohio***, 392 U.S. 1 (1968).

[6] The Commonwealth has not presented any argument that Appellant could have been arrested for fleeing or eluding an officer.

Const. art. I, § 8. The Fourth Amendment, unlike most other constitutional provisions, has built-in standards of "reasonableness" and "probable cause" in its text. U.S. Const. amend. IV; *see also Maryland v. King*, 133 S. Ct. 1958, 1970 (2013) (stating that the "touchstone of the Fourth Amendment is reasonableness[]"). As a result, the Fourth Amendment does not generally tolerate bright-line or *per se* rules. *See generally Bailey v. United States*, 133 S. Ct. 1031, 1044 (2013) (Scalia, J., concurring). However, the Supreme Court has consistently held that the Fourth Amendment permits the bright-line rule that police may automatically search a suspect incident to lawful arrest. *Riley v. California*, 134 S. Ct. 2473, 2483 (2014); *United States v. Robinson*, 414 U.S. 218, 235 (1973). As a result, "the propriety of a search depends upon the validity of the arrest." *Commonwealth v. El*, 933 A.2d 657, 661 (Pa. Super. 2007) (citation omitted), *affirmed*, 977 A.2d 1158 (Pa. 2009).

"[L]aw enforcement authorities must have a warrant to arrest an individual in a public place unless they have probable cause to believe that 1) a felony has been committed; and 2) the person to be arrested is the felon." *Commonwealth v. Clark*, 735 A.2d 1248, 1251 (Pa. 1999) (citation omitted).

> Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be

arrested. Probable cause justifying a warrantless arrest is determined by the totality of the circumstances.

*Commonwealth v. Salter*, --- A.3d ---, 2015 WL 4626915, *7 (Pa. Super. 2015) (citation omitted).

We only address Appellant's argument that the trial court erred in concluding that the officers had probable cause to arrest Appellant for assault of a police officer, as we conclude it is dispositive of this appeal.[7] A person commits aggravated assault when he or she "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in [Section 2702](c), in the performance of duty[.]" 18 Pa.C.S.A. § 2702(a)(3). Police officers are enumerated in subsection (c). *Id.* § 2702(c)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." *Id.* § 2301. In addition, consistent with *Clark*, this offense is graded as a second-degree felony. *Id.* § 2702(b).

In this case, Officer Hanvey testified that after approaching Appellant to stop him for the violation of the Motor Vehicle Code, Appellant "veered away from [the officers] leaving [his] bike." N.T., 1/16/14, at 15-16.

---

[7] We summarily reject Appellant's argument that his constitutional rights were violated because the officers' stop was a pretext to investigate the bulge they saw in his left boot. It is axiomatic that the Fourth Amendment does not turn on the subjective intent of the officer. *Whren v. United States*, 517 U.S. 806, 813 (1996).

Appellant then threw his bike at Officer Hanvey, the seat of which landed on Officer Hanvey's foot. *Id.* at 16. After throwing the bike at Officer Hanvey, Appellant turned around and sprinted down the street. *Id.* The officers chased Appellant, Officer Hanvey grabbed him by the belt and pulled him to a wall, where Appellant was handcuffed. *Id.* at 16-17. Upon the search of Appellant's person, the officers discovered a small .380 pistol in Appellant's left pant leg. *Id.* at 18-19.

After careful review of the certified record, we conclude that Appellant's arrest was lawful. As noted above, Appellant threw his bicycle at Officer Hanvey, which struck him in the foot. *Id.* at 16. Aggravated assault on a police officer does not require bodily injury, only an "attempt[] to cause … bodily injury[.]" 18 Pa.C.S.A. § 2702(a)(3). Therefore, even assuming, *arguendo*, that Officer Hanvey was not in substantial pain when Appellant's bicycle seat struck him in the foot, we have no trouble concluding that when one person heaves a bicycle at another person, the actor has attempted to cause someone physical impairment or substantial pain. ***See generally id.*** § 2301. In addition, as this appeal only concerns probable cause, which is a far lesser standard of proof than the proof beyond a reasonable doubt that is required at trial, we need only decide whether Officer Hanvey's observations were "sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed[.]" ***Salter***, ***supra***. Considering the totality of the circumstances, we conclude that there existed

at least a **probability** that Appellant was attempting to cause Officer Hanvey substantial pain in an effort to escape. ***See id.*** As a result, we conclude that Appellant's Fourth Amendment rights were not violated, as the search in this case was incident to a lawful arrest. ***See Riley***, ***supra***; ***Robinson***, ***supra***; ***Clark***, ***supra***.

Based on the foregoing, we conclude that the trial court properly denied Appellant's motion to suppress. ***See Gary***, ***supra***. Accordingly, the trial court's May 30, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015