J-S59010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CAHMAR  JOHNSON | : | |
| | : | |
| Appellee | : | No. 3824 EDA 2017 |

Appeal from the Order Entered October 30, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003759-2017

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 18, 2018**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied in part and granted in part the suppression motion of Appellee, Cahmar Johnson.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.

_____

[1] Pursuant to Pa.R.A.P. 311(d), the Commonwealth has certified in its notice of appeal that the trial court's suppression order substantially handicapped or terminated the prosecution of the Commonwealth's case.  Accordingly, this appeal is properly before us for review.  ***See Commonwealth v. Cosnek***, 575 Pa. 411, 421, 836 A.2d 871, 877 (2003) (stating Rule 311(d) applies to pretrial ruling that results in suppression, preclusion or exclusion of Commonwealth's evidence).

The Commonwealth raises the following issue for our review:

> DID THE [TRIAL] COURT ERR IN CONCLUDING THAT ONCE THE POLICE FOUND A BAG OF COCAINE AND A BAG OF MARIJUANA INSIDE [APPELLEE'S] CAR THEY WERE PRECLUDED FROM SEARCHING THE VEHICLE ANY FURTHER, AND THUS THE LOADED FIREARM SUBSEQUENTLY FOUND IN THE TRUNK HAD TO BE SUPPRESSED?

(Commonwealth's Brief at 4).

Our scope and standard of review when the Commonwealth appeals from a suppression order are as follows:

> [T]his Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

*Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa.Super. 2014), *appeal denied*, 630 Pa. 734, 106 A.3d 724 (2014) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Stella M. Tsai, we conclude the Commonwealth's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed January 23, 2018, at 7-9) (finding: police officers had probable cause based on odor of marijuana to search passenger compartment of Appellee's car, including any containers therein,

- 2 -

for marijuana; Officer Hasara recovered bag of marijuana and crack cocaine hidden inside shoe in backseat area of vehicle; shoe reasonably could have concealed marijuana that officers had smelled; nevertheless, Commonwealth did not present credible testimony or other evidence to suggest continued search of car was reasonable after they recovered marijuana and crack cocaine in shoe; Officer Dobson did not testify that odor of marijuana lingered in or around car after officers found shoe or that officers smelled marijuana near trunk during investigation; officers offered no reasonable basis to explain foundation for probable cause to open and search trunk of vehicle; police do not have *carte blanche* to seek out and seize evidence in vehicle beyond what might conceal object of search; officers went beyond scope of warrantless search of vehicle; court properly suppressed gun recovered from trunk liner of car). The record and particular circumstances of this case support the trial court's rationale. Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT**
**TRIAL DIVISION -- CRIMINAL SECTION**

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | **CP-51-CR-0003759-2017** |
| **PENNSYLVANIA,** | | |
| **Appellant** | | |

CP-51-CR-0003759-2017 Comm. v Johnson, Cahmar
Opinion

**v.**

|||||
8058800191

| | | |
|---|---|---|
| **CAHMAR JOHNSON,** | : | **3824 EDA 2017** |
| **Defendant-Appellee** | : | |

**FILED**

**OPINION**

JAN 2 3 2018

Office of Judicial Records
Appeals/Post Trial

**Tsai, J.**

## I.     Introduction

The Commonwealth contends that the trial court erred in granting, in part, the

Motion to Suppress filed by Defendant-Appellee Cahmar Johnson. We found that the

police officers lacked probable cause to search the trunk of Mr. Johnson's car -- after

they had already seized all of the narcotics (*i.e.*, marijuana and cocaine) that there was

to recover in the vehicle from the passenger compartment. As the record made at the

suppression hearing does not justify this separate, distinct, and unreasonable intrusion

of the defendant's rights of privacy, our decision should be affirmed.

## II.     Factual and Procedural History

The Commonwealth appeals from our October 30, 2017 order granting Mr.

Johnson's motion to suppress with respect to a firearm recovered from the trunk of his

car.[1] Mr. Johnson was arrested on April 14, 2017 and charged on April 15, 2017 with

---

[1] We denied Mr. Johnson's motion to suppress with respect to the marijuana and crack
cocaine recovered from the passenger compartment of his car. N.T. 10/30/17 at 6-7.

1

Carrying a Firearm without a License, Possession of a Controlled Substance, Possession of a Small Amount of Marijuana, and Carrying a Firearm on the Streets of Philadelphia.[2] Following a preliminary hearing, the charges were bound over for trial on May 1, 2017. Defendant Johnson's counsel filed a Motion to Suppress Physical Evidence on August 21, 2017.

A suppression hearing was held on October 18, 2017. Commonwealth called Police Officer John Dobson to testify. He was the only witness in this proceeding. Officer Dobson has three years of experience as a police officer. N.T. (Suppression Hearing) ("N.T.") 10/18/17 at 5.

On April 14, 2017 around 7 p.m., Officer Dobson and his partner, Officer Hasara, were travelling in a marked police car in the vicinity of 4900 Sheldon Street in Philadelphia, Pennsylvania. N.T. 10/18/17 at 6. According to Officer Dobson, the area around 4900 Sheldon is a known gang area, and he had previously made between three and five arrests for firearms, and also had made several more arrests for narcotics, in that area. *Id.* at 6-7, 27.

On this night, the officers observed a silver 2003 Chevrolet Impala make a right turn from Sheldon onto Wister Street without using its turn signal, which is a violation of the Motor Vehicle Code. N.T. 10/18/17 at 8, 21. The officers followed the Chevrolet and stopped it on the 5100 block of Belfield Avenue. *Id.* at 8. Defendant Cahmar Johnson was the driver, and sole occupant, of the Chevrolet. *Id.* at 8-9.

---

The Commonwealth has not sought appellate review of this portion of our decision. *See* Commonwealth's 1925(b) statement filed November 27, 2017.

[2] 18 Pa.C.S.A. § 6106(a)(1); 35 P.S. § 780-113(a)(16)); 35 P.S. § 780-113(a)(31); 18 Pa.C.S.A. § 6108.

Officer Dobson testified that he could smell the faint odor of marijuana when he first approached the Chevrolet and asked Mr. Johnson to produce his identification and paperwork for the vehicle. N.T. 10/18/17 at 9-11, 23. The officers returned to their patrol car to use the computer in their vehicle to check all of Defendant's documents. *Id.* at 10-11. While they were in their patrol car, Officer Hasara altered Officer Dobson to Defendant moving around inside the Chevrolet, specifically that Defendant was reaching into the backseat. *Id.* at 11-12. Officer Dobson did not personally observe this reaching motion; he only saw Defendant's head moving up and down in the driver's seat. *Id.* at 12-13, 26, 34.

Upon returning to Defendant's vehicle, Officer Dobson had noticed that the odor of marijuana had gotten stronger and he ordered Mr. Johnson to exit the vehicle. N.T. 10/18/17 at 13, 28. Defendant was frisked, but the officers did not locate any contraband on his person. *Id.* at 14. The odor of marijuana continued to emanate from the vehicle. *Id.* The officers then placed Defendant in the back of their patrol car, but did not handcuff him. *Id.*

The officers then proceeded to search the passenger compartment of Defendant's vehicle. In the backseat, the officers found a shoe containing two Ziploc bags, one of which contained alleged marijuana and the other containing alleged crack cocaine. N.T. 10/18/17 at 14, 30-31. No other drugs were recovered from the vehicle.

There was no evidence of a lingering odor or other evidentiary clue that suggested more marijuana was concealed elsewhere in the vehicle. The officers nevertheless opened up the trunk of the Defendant's vehicle and searched it. Officer Dobson testified that the liner of the trunk near the driver's side tail light was not secured to the wall of the trunk, as if it had been pulled away, creating a gap. *Id.* at 15-16. Again, although

3

there was no odor or anything to suggest that any contraband was concealed within this gap, Officer Dobson shined his flashlight into that gap and saw a silver and black .40 caliber Smith & Wesson handgun concealed within. *Id.* Officer Dobson recovered the handgun from its hiding place in the trunk. *Id.*

We held the motion to suppress under advisement, and reconvened on October 30, 2017 to deliver our findings of fact and conclusions of law. Based on the totality of the circumstances, we denied the Motion to Suppress with respect to the marijuana and cocaine found in the passenger compartment, but granted it with respect to the gun concealed in the liner of the trunk. *See* N.T. (Suppression Hearing) 10/30/17 at 2-7. The Commonwealth filed a timely notice of appeal on November 27, 2017, which included a certification pursuant to Pa.R.A.P. 311(d) that our order terminates or substantially handicaps the prosecution of this case. The Commonwealth simultaneously filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

The Commonwealth presents a single claim in its Statement of Errors Complained of on Appeal: "[w]hether the lower court erred in holding that the automobile exception ceased to apply after officers found drugs in the back seat area of the car."

### III. Discussion

#### A. There is a reasonable expectation of privacy in the security of an automobile against an *unreasonable* search and seizure.

With respect to a motion to suppress, "it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in

4

violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-48 (Pa. 2012) (citations omitted). The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures at the hands of the government. *Commonwealth v. Chase*, 960 A.2d 108, 112-13, 116 (Pa. 2008). When the police obtain evidence in a manner that violates a defendant's constitutional rights, the proper relief is to preclude the Commonwealth from introducing that evidence at trial. *Commonwealth v. Pratt*, 930 A.2d 561, 563 (Pa. Super. 2007). *See also Commonwealth v. Price*, 672 A.2d 280, 284 (Pa. 1996) (discussing the rationale for the exclusionary rule).

As a general rule, for a search to be reasonable under the Fourth and Fourteenth Amendments or Article I, Section 8, police must obtain a warrant, supported by probable cause and issued by an independent judicial officer, prior to conducting the search. For this reason, *a search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible*, unless the Commonwealth is able to establish that one of the few delineated exceptions applies. *Commonwealth v. Strickler*, 757 A.2d 884, 888 (Pa. 2000); *Commonwealth v. Gary*, 91 A.3d 102, 107 (Pa. 2014) (plurality). These exceptions include:

- a search that is conducted incident to a valid arrest of the defendant, *Commonwealth v. Clark*, 735 A.2d 1248, 1251 (Pa. 1999);

- when a defendant consents to the search, *Commonwealth v. Gillespie*, 821 A.2d 1221, 1225 (Pa. 2003);

- when exigent circumstances exist, *Commonwealth v. Holzer*, 389 A.2d 101, 106 (Pa. 1978);

- if contraband can be detected by "plain view", *Commonwealth v. Jones*, 988 A.2d 649, 656 (Pa. 2010), or

5

- if contraband can be detected by "plain smell", *Commonwealth v. Gary*, 91 A.3d 102, 138 (Pa. 2014) (plurality).

As to searches of motor vehicles, the Supreme Court of Pennsylvania determined in *Commonwealth v. Gary* that the prerequisite for conducting a warrantless search of a motor vehicle is "probable cause to search" and "no exigency beyond the inherent mobility of a motor vehicle is required." 91 A.3d 102, 138 (Pa. 2014) (plurality) (adopting the automobile exception to the Fourth Amendment's warrant requirement).[3] In doing so the plurality held that individuals have an expectation of privacy in their motor vehicles, albeit one that is "a diminished . . . as compared to a residence, office, or person." *Id.* at 128.

In *Gary*, police recovered two pounds of marijuana concealed under the front hood of an SUV following a search. The officers were able to smell the odor of marijuana "emanating" from both the driver and passenger sides of the vehicle as they approached it. The defendant, Gary, admitted that there was some weed in his car in response to questioning. A canine unit was summoned to perform a sniff check of the vehicle. *Id.* at 104. As the police officer and his dog, Leo, began to walk around the SUV, Gary got out of the police cruiser and started running from the scene. Analyzing these factors, the Supreme Court plurality found there was no dispute that the plain smell of the marijuana which "emanated" from the vehicle, not to mention Gary's flight

---

[3] While *Gary* was a plurality opinion announcing the judgment of the Supreme Court, the Superior Court has adopted the holdings of *Gary* in several of its published decisions. *See Commonwealth v. Hudson*, 92 A.3d 1235, 1242 (Pa. Super. 2014) (stating that under *Gary*, salient question for suppression court was whether police officers had probable cause to conduct warrantless search). *See also Commonwealth v. Freeman*, 128 A.3d 1231, 1243 (Pa. Super. 2015); *In re I.M.S.*, 124 A.3d 311, 316-17 (Pa. Super. 2015).

6

from the scene, gave the police officers probable cause to search Gary's motor vehicle. *Id.* at 105, 138.

### B. The officers lacked probable cause to search the trunk and its liner following the recovery of drugs from the passenger compartment of the car.

Under Superior Court case law applying *Gary*, when police establish "probable cause" to search the interior of a vehicle, including closed containers, the search is still subject to legal boundaries. To be lawful, the search must be "reasonable" and the search of any closed containers inside the vehicle is restricted to the areas that *may conceal the object of the search. In re I.M.S.*, 124 A.3d 311, 316 (Pa. Super. 2015) (applying *Wyoming v. Houghton*, 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999)). Applying these principles to the totality of the circumstances of the contested search, we review whether the officers had probable cause to conduct, *first*, the warrantless search of the passenger compartment of the vehicle and, *second*, the warrantless search of the trunk of the vehicle. *See Gary*, 91 A.3d at 104, 138.

Based upon the odor of marijuana emanating from the vehicle, we concluded that the police officers had probable cause to search the passenger compartment of the car, including any containers therein, for marijuana. Officer Hasara recovered a bag of marijuana, as well crack cocaine, hidden inside a shoe, which was a container that reasonably could have concealed the fresh marijuana the officers had smelled.

The search of the trunk and the interior of its liner presents an entirely different question. The Commonwealth adduced no credible testimony or other evidence to suggest that it was reasonable for the officers to continue searching the vehicle for drugs after they recovered the marijuana and crack cocaine in the shoe. No testimony was

7

presented that the odor of marijuana continued to linger in or around the car after that shoe was recovered. Further, there was no testimony that the officers could smell marijuana near the trunk at any time during their investigation of Defendant's vehicle or in the gap from which they recovered the firearm. The officers offered no reasonable basis to explain why they had probable cause to open the trunk and search it.

The facts of this case are distinguishable from *Gary*, where the officers testified that they could detect the odor of marijuana emanating from the driver and passenger sides of the vehicle as they approached the vehicle, the officers then summoned a K-9 dog to conduct a search, and the defendant attempted to flee the scene. Nor do the facts of the instant case resemble those of *Commonwealth v. Stoner*, where the police officer described the smell emanating from the car that was later searched as being "similar to standing in the center of a field of marijuana" and was "certain that the odor was too strong to be coming from the small amount of the drug he could see." *Id*, 344 A.2d 633, 634, 635 (Pa. Super. 1975).

Having "probable cause" under *Gary* or *Stoner* does not give the police *carte blanche* to seek out and seize "evidence" in the vehicle beyond what "may conceal the object of the search." *In re I.M.S.*, 124 A.3d at 316. We did not err in suppressing the firearm recovered from the liner of the trunk, to which the officers over-extended their warrantless search in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, and Article I Section 8 of the Pennsylvania Constitution.

8

## IV. **Conclusion**

For the reasons discussed *supra,* we conclude that the police officers did not have the "probable cause" under *Gary* or *Stoner* necessary to expand their search beyond the passenger compartment of the vehicle where the odor of marijuana did not persist after recovering the drugs. Without valid consent or true probable cause under the Fourth and.Fourteenth Amendments or Article I Section 8 to search the trunk, the Commonwealth cannot establish a valid exception to the warrant requirement and avoid suppression of the gun recovered from the trunk liner of the car. We respectfully request that our order of October 31, 2017 be affirmed.

BY THE COURT:

_____

Stella Tsai, J.

January 23, 2018

9