J-S49026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID LAUSELL, JR. | |
| Appellant | No. 408 MDA 2018 |

Appeal from the Judgments of Sentence imposed July 21, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at Nos: CP-36-CR-0003033-2016;
CP-36-CR-0003034-2016

BEFORE:  SHOGAN, J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 15, 2018**

Appellant, David Lausell, Jr., appeals from the judgments of sentence entered at two dockets numbers on July 21, 2017 in the Court of Common Pleas of Lancaster County, following a bench trial leading to his conviction on drug charges and a jury trial resulting in his conviction for firearms violations. Appellant asserts trial court error for refusing to suppress evidence he claims was fruit of a search incident to a warrantless arrest.  Upon review, we affirm.

A review of the record reveals that on June 3, 2016, a confidential informant ("CI") made a controlled purchase of 20 grams of heroin from Appellant with funds provided by the Lancaster County Drug Task Force ("Drug

_____

* Former Justice specially assigned to the Superior Court.

Task Force"). During the purchase, detectives were performing surveillance on Appellant and an electronic tracking device was installed on Appellant's 2013 GMC Terrain. In addition, the CI was wearing a recording device. Detective Michael Vance of the Drug Task Force field-tested the substance, which tested positive for heroin.

On June 7, 2016, the Drug Task Force secured a search warrant for the Terrain, which Appellant was driving near the apartment he shared with his girlfriend. After Appellant attempted to flee the police in the Terrain, he returned to his residence where he was placed under arrest. Police removed Appellant from the Terrain and seized property in Appellant's possession, including a car key to a 2006 Ford Taurus that was parked at the residence. The Taurus was seized as a narcotics asset. A search of its trunk was conducted after a warrant was secured and yielded a Glock semi-automatic pistol, a Ruger .357 revolver, and ammunition.

The police also conducted a search of the residence. The search, which was conducted pursuant to a search warrant, yielded approximately 540 grams of suspected heroin, $4,703 in cash, a digital scale, and drug paraphernalia.

Appellant was charged at Information No. 3033-2016 with two counts each of persons not to possess, use or control firearms and firearms not to be carried without a license. 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively. At Information No. 3034-2016, he was charged with possession

with intent to deliver ("PWID") a controlled substance (heroin), criminal conspiracy, and possess of drug paraphernalia. 35 P.S. § 780-113(A)(30), 18 Pa.C.S.A. § 903(a)(1), and 35 P.S. § 780-113(A)(32), respectively.

In a counseled omnibus pre-trial motion, Appellant sought to suppress physical evidence and statements, claiming the searches of Appellant and his property were illegal. At the conclusion of a January 17, 2017 suppression hearing, the trial court denied the motion.

A bench trial on the drug charges immediately followed the suppression hearing, in light of Appellant's waiver with respect to those charges. The trial court found Appellant guilty, ordered a pre-sentence investigation, and deferred sentencing.

On April 17, 2017, Appellant was tried by a jury on two charges of persons not to possess firearms.[1] The trial court considered Appellant's motion *in limine* seeking to preclude the introduction of evidence, including the heroin seized from Appellant's apartment, statements by Appellant that the heroin belonged to him, and "taunting" statements made to police. The trial court granted the motion with respect to the taunting statements only.

The trial court permitted testimony from a Lancaster City police officer who pursued the Taurus in November of 2015 and identified Appellant as the

---

[1] The charges of firearms not to be carried without a license were *nol prossed* prior to trial.

operator of the vehicle. The testimony was permitted pursuant to Pa.R.E. 404(b) to establish identity of the perpetrator.[2]

On July 18, 2017, the jury returned a verdict of guilty on both counts of persons not to possess firearms. On July 21, 2017, the trial court sentenced Appellant at No. 3033-2016 to concurrent terms of ten to twenty years in state prison for each of the two firearms convictions. At No. 3034-2016, the court imposed consecutive sentences of seven and a half to fifteen years in prison for PWID and criminal conspiracy as well as a concurrent sentence of six to twelve months for possession of drug paraphernalia. The firearms sentences were made consecutive to the drug sentences, resulting in an aggregate sentence of 25 to 50 years in prison.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.[3] Appellant now asks us to consider one issue:

> Whether the suppression court erred in refusing to suppress the fruit[s] of the search incident to the warrantless arrest of Appellant?

Appellant's Brief at 4.

Before addressing Appellant's issue, we first note that Appellant filed a single notice of appeal after the trial court entered a single order, despite entry

---

[2] The Commonwealth gave notice of its intent to introduce evidence of bad acts under Pa.R.E. 404(b) on April 7, 2017.

[3] A number of communications issues caused delays at the beginning of the appeals process. However, those issues are irrelevant to the pending appeal and do not merit discussion beyond mentioning the fact of such issues here.

of two separate sentencing orders at two separate dockets numbers. In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court announced, "[I]n future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* at 977 (footnote omitted). *Walker* was decided on June 1, 2018, after Appellant filed his appeal in the cases before us. Therefore, *Walker* does not require us to quash his appeal.

Again, Appellant challenges the trial court's denial of his motion to suppress. As a challenge to denial of suppression, we apply the following standard of review:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

***Commonwealth v. Smith***, 164 A.3d 1255, 1256 (Pa. Super. 2017) (quoting

***Commonwealth v. Jones***, 121 A.3d 524, 526-27 (Pa. Super. 2015)

(alterations in original) (additional citations omitted)).

Appellant argues that the police lacked probable cause to arrest him without a warrant and that the fruits of that arrest should have been suppressed. As required by **Smith** and **Jones**, we must first consider the Commonwealth's uncontradicted evidence to determine whether the suppression court's factual findings are supported by the record.

At the suppression hearing, Detective Vance testified on behalf of the Commonwealth. The trial court summarized Detective Vance's testimony in its Rule 1925(b) opinion. **See** Trial Court Opinion, 4/16/18, at 7-10. As the trial court recognized, Detective Vance explained that Appellant was arrested as a result of a "probable cause" controlled buy from the CI. He detailed the events surrounding the controlled buy that resulted in the issuance of search warrants for Appellant's Terrain and apartment. Notes of Testimony, Suppression Hearing, 1/17/17, at 45-53. Detective Vance explained that he was able to recognize Appellant's voice from the recorded conversations between Appellant and the CI prior to and at the time of the purchase. ***Id.*** He also testified as to his background and qualifications, including his field-testing training, ***id.*** at 6-7, and stated that the substance later positively tested as heroin. ***Id.*** at 50. We find that the record supports the trial court's

factual findings relating to Detective Vance's testimony at the suppression hearing. Therefore, we are bound by those facts.

Because we are bound by the suppression court's factual findings, we may reverse its ruling only if its legal conclusions are erroneous. Here, the suppression court concluded there was probable cause to arrest Appellant without a warrant.

In **Commonwealth v. Martin**, 101 A.3d 706 (Pa. 2014), our Supreme Court instructed:

> In order to determine whether probable cause exists to justify a warrantless arrest, we must consider the totality of the circumstances. [**Commonwealth v Clark**, 735 A.2d 1248, 1252 (Pa. 1999)]; **see also Illinois v. Gates**, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed," and must be "viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." **Clark, supra** at 1252 (quotation omitted). As we have stated:

>> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a *probability,* and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

> **Commonwealth v. Thompson**, 604 Pa. 198, 985 A.2d 928, 931 (2009) (emphasis in original; citations and quotation marks omitted).

*Id.* at 721.

We conclude, as did the suppression court, that there was probable cause to arrest Appellant without a warrant. Based on his experience and the totality of the circumstances, Detective Vance properly concluded there was a probability that Appellant was engaging in criminal activity. As the Commonwealth correctly recognized:

> During th[e] controlled buy, the Drug task Force members were conducting surveillance and the confidential informant was wearing a body recording device allowing Detective Vance to hear the buy and identify Appellant's voice on the recording. Additionally, the Drug task Force members installed an electronic tracking device on Appellant's GMC Terrain. After the controlled buy, Detective Vance field[-tested] the controlled substance purchased from Appellant and it tested positive for heroin.

Commonwealth Brief at 17-18 (references to Notes of Testimony omitted).

Finding no error in the suppression court's legal conclusions, we affirm its order denying suppression of evidence obtained as a result of Appellant's arrest.

Judgments of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2018

- 8 -