J-S36021-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY JOSEPH PERSAVAGE JR. | : | |
| | : | |
| Appellant | : | No. 1781 MDA 2018 |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005511-2013

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:          **FILED: AUGUST 19, 2019**

Appellant, Jeffrey Joseph Persavage, Jr., appeals from the order entered on September 27, 2018, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The record reveals that on June 19, 2013, Appellant entered into an agreement with a confidential informant ("the CI"), who was working with the Pennsylvania State Police and local law enforcement officers, to sell $9,000.00 worth of cocaine to the CI.  The CI believed Appellant would be arriving in a green car at the prearranged drug-delivery location, a Wendy's restaurant. The location was subsequently changed to a gas station across the street from Wendy's.  Appellant and his cohort, Joshua Seedor ("Seedor"), were observed by the police interacting in front of the gas station.  Seedor then drove away in the green car, leaving Appellant standing in front of the gas station.  Trooper

_____
*   Retired Senior Judge assigned to the Superior Court.

Christopher Keppel recognized Appellant from photographs. Trooper Keppel testified that the CI was not going to meet with Appellant; rather, once Appellant arrived at the location, police were going to arrest him. After Seedor drove away in the green car, the police took Appellant into custody. Trooper Keppel followed Seedor and confirmed that the green car was registered to Appellant. The green car was then stopped and a search warrant was obtained. The subsequent search of Appellant's vehicle revealed 216 grams (7.6 ounces) of cocaine that Appellant had agreed to sell to the CI. Appellant possessed a large amount of cash and the cellular telephone he used to arrange the transaction with the CI. N.T. (Trial), 7/20-21/15, at 76-101.

Following a jury trial, Appellant was found guilty of possession with intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30), and conspiracy to commit PWID, 18 Pa.C.S. § 903(a)(1). N.T. (Verdict), 7/21/15, at 2. The trial court sentenced Appellant to a term of six to twelve years of incarceration on each count to be served concurrently. Order, 9/1/15.

Appellant filed a timely post-sentence motion on September 11, 2015, that was denied on October 29, 2015. Appellant filed a timely notice of appeal on November 18, 2015, and this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Persavage*, 159 A.3d 41, 2031 MDA 2015 (Pa. Super. filed October 12, 2016) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on March

30, 2017.  ***Commonwealth v. Persavage***, 169 A.3d 32, 805 MAL 2016 (Pa. 2017).

On March 28, 2018, Appellant filed a timely PCRA petition, and the PCRA court held a hearing on September 27, 2018.  At the conclusion of the hearing, the PCRA court denied Appellant's petition.  Order, 9/27/18.  Appellant filed a timely appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

> I. Whether the [PCRA court] erred in denying PCRA relief for the failure of trial counsel to file a suppression motion regarding the traffic stop of the vehicle and the arrest of both [Appellant] and [Seedor]?
>
> II. Whether the [PCRA court] erred in denying PCRA relief for the failure of trial counsel to argue that the traffic stop needed to be supported by probable cause and not reasonable suspicion?
>
> III. Whether the [PCRA court] erred in denying PCRA relief for trial counsel's failure to fully argue [Appellant's] [Pa.R.Crim.P.] 600 motion?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level."  ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is

free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

We point out that all of Appellant's issues challenge the effectiveness of prior counsel. It is presumed that counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, the petitioner must satisfy a three-pronged test and establish: (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel prejudiced the appellant. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016).

A claim has arguable merit where the factual averments, if accurate, could establish a cause for relief. ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013). With regard to the second prong, we have reiterated that trial counsel's approach must have been "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)). Concerning the third prong, prejudice requires a reasonable probability that, but-for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Isaac***, 205 A.3d 358, 363 (Pa. Super. 2019). "A failure to satisfy any prong of the

ineffectiveness test requires rejection of the claim of ineffectiveness."

*Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing

*Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Moreover, counsel

cannot be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In his first issue on appeal, Appellant argues that although trial counsel

filed a motion to suppress concerning the traffic stop, counsel was ineffective

in failing to challenge Appellant's and Seedor's arrests as lacking probable

cause.[1] We disagree.

It is well settled that law enforcement officers must have probable cause

to conduct an arrest. *Commonwealth v. Thompson*, 985 A.2d 928, 931,

(Pa. 2009).

> Probable cause is made out when "the facts and circumstances
> which are within the knowledge of the officer at the time of the
> arrest, and of which he has reasonably trustworthy information,
> are sufficient to warrant a man of reasonable caution in the belief
> that the suspect has committed or is committing a crime."
> *Commonwealth v. Rodriguez*, 526 Pa. 268, 585 A.2d 988, 990
> (1991). The question we ask is not whether the officer's belief was
> "correct or more likely true than false." *Texas v. Brown*, 460 U.S.
> 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Rather, we

---

[1] We point out that on direct appeal, a prior panel of this Court concluded that Appellant failed to establish standing to challenge Seedor's arrest. *Persavage*, 2031 MDA 2015 (unpublished memorandum at *4). Herein, Appellant has again failed to establish how, or under what theory, he has standing. It is not this Court's responsibility to develop an argument for an appellant or scour the record to find evidence to support an argument. *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018). Appellant's failure to develop this argument renders the issue concerning Seedor's arrest waived. *Id.*

require only a "probability, and not a prima facie showing, of criminal activity." ***Illinois v. Gates***, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citation omitted) (emphasis supplied). In determining whether probable cause exists, we apply a totality of the circumstances test. ***Commonwealth v. Clark***, 558 Pa. 157, 735 A.2d 1248, 1252 (1999) (relying on ***Gates***, ***supra***).

***Thompson***, 985 A.2d at 931.

The PCRA court addressed this issue as follows:

With regard to [Appellant's] arrest, obviously there is no dispute that he was, in fact, arrested at or near the scene where this alleged drug deal was to have taken place. We note that [Appellant] traveled from another county to be present for a prearranged drug deal.

[Appellant] was not arrested because he was found inside of a green car registered to him, he was arrested because he was identified as standing outside of a convenience store, which was across the street from the prearranged drug buy location and was identified as the person who was to be carrying drugs independent of his being found inside a vehicle registered to him.

At the point of [Appellant's] arrest, the police knew that a drug deal had been set up, that police also knew through a confidential informant who was to appear for the drug deal and where the location was to be, and, as we said, [Appellant] was identified as the person who was contacted to supply the drugs. He was found in close proximity to the location of where the drug deal was to go down and was identified as the person who was to be delivering the drugs. Accordingly, that more than satisfies any probable cause standard for [Appellant's] arrest.

Order, 9/27/18, at 5. We agree with the PCRA court's conclusion.

As set forth above, the police officers involved were aware that Appellant agreed to sell $9,000.00 of cocaine to a CI. Police supervised and arranged the sale between the CI and Appellant, knew Appellant was the seller of cocaine, had photographs of Appellant, and witnessed Appellant at the

designated time and place for the sale of the cocaine. N.T. (Trial), 7/20-21/15, at 82, 108, 126, and 131. Under the totality of the circumstances, we conclude that the police officers had probable cause to arrest Appellant. The officers who conducted the operation that led to Appellant's arrest had the requisite knowledge and information to believe that Appellant was in the process of committing a crime. **Thompson**, 985 A.2d at 931. Accordingly, we discern no arguable merit to Appellant's claim of ineffectiveness. Appellant is entitled to no relief on his first issue.

In his second issue, Appellant asserts that his trial counsel was ineffective for failing to argue that the traffic stop required the police officers to possess probable cause and not merely reasonable suspicion. Appellant's Brief at 8. We disagree.

Initially, it appears that Appellant is again attempting to challenge Seedor's arrest. Appellant's Brief at 9. We reiterate that on direct appeal, this Court concluded that Appellant failed to establish standing to challenge Seedor's arrest. **Persavage**, 2031 MDA 2015 (unpublished memorandum at *4). Appellant has once more failed to argue, much less establish, how he has standing relative to Seedor's arrest. Appellant's failure to develop this argument renders the issue waived. **Commonwealth v. Cannavo**, 199 A.3d 1282, 1289 (Pa. Super. 2018).

Appellant also alleges that counsel was ineffective for failing to assert that the police officers needed probable cause, and not just reasonable

suspicion, when they initiated the traffic stop of Appellant's car, which was driven by Seedor. We conclude that no relief is due as this issue was previously litigated.

Prior to trial, Appellant's counsel filed a motion to suppress asserting that the police lacked reasonable suspicion to conduct a traffic stop of Appellant's vehicle. Motion, 4/24/14. The trial court denied this motion on August 6, 2014.[2] At the time of the traffic stop, the police already had arrested Appellant on the street, and Seedor was driving Appellant's car. Appellant raised this issue on direct appeal, and this Court concluded that the police had the requisite reasonable suspicion to conduct the traffic stop. *Persavage*, 2031 MDA 2015 (unpublished memorandum at *4). Appellant now raises this issue under the cloak of ineffective assistance of counsel. Appellant's Brief at 8.

Appellant cites *Commonwealth v. Melendez*, 676 A.2d 226 (Pa. 1996), as support for his claim. Appellant's Brief at 9. First, we conclude that *Melendez* does not provide any authority that would overcome the fact that this issue was previously litigated. Moreover, *Melendez* is readily distinguishable from the instant case. In *Melendez*, our Supreme Court held

---

[2] We note that Appellant filed two additional motions in which, *inter alia*, he requested the trial court reconsider his motion to suppress. Motions, 8/12/14 and 8/19/14. These additional motions, including the requests for reconsideration of the suppression motion, were denied on October 29, 2014.

that the traffic stop in question was unlawful because it was supported by neither probable cause nor reasonable suspicion. **Melendez**, 676 A.2d at 229.

Here, it is undisputed that the police possessed reasonable suspicion. We point out that traffic stops based on a reasonable suspicion of criminal activity or a violation of the Motor Vehicle Code[3] must serve an investigatory purpose. **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010). As discussed, on direct appeal a panel of this Court found that law enforcement were required to establish reasonable suspicion relative to the traffic stop in furtherance of their criminal investigation of Appellant's cocaine distribution. **Persavage**, 2031 MDA 2015 (unpublished memorandum at *5) (citing **Feczko**, 10 A.3d at 1291). In evaluating that issue, this Court held that the police established reasonable suspicion to stop Appellant's car. **Id.** This reasonable suspicion allowed the officers to detain the car until they could obtain a warrant to conduct a search the vehicle, and the panel found that Appellant's claim of error was meritless. **Id.**

For the reasons set forth above, Appellant is entitled to no relief on his second issue because this claim was previously litigated. **See Commonwealth v. Keaton**, 45 A.3d 1050, 1060 (Pa. 2012) (An issue is previously litigated and not eligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(3) if the highest appellate court in which the petitioner could have

---

[3] 75 Pa.C.S. §§ 101-9805.

had review as a matter of right has ruled on the merits of that issue.).

Additionally, this issue was deemed meritless on direct appeal, and counsel

cannot be deemed ineffective for failing to pursue a meritless claim. ***Loner***,

836 A.2d at 132. Accordingly, no relief is due.

Finally, Appellant avers that although his counsel filed and litigated a

motion to dismiss based on a violation of his right to a prompt trial pursuant

to Pa.R.Crim.R. 600, his counsel was allegedly ineffective for failing to "fully

argue" this motion. Appellant's Brief 9. Appellant asserts:

> During the Trial Court's calculation of the adjusted run date, it
> held the time when Appellant's treatment court application was
> pending against the Defense. This is even though the
> Commonwealth did not timely act on the motion as it was filed pro
> se while Appellant was represented by counsel. In addition, no
> action was taken even after Appellant filed pro se motions to
> terminate the application.

***Id.*** at 9-10 (verbatim).

This argument fails to provide a discernable claim of ineffectiveness.

Again, it is not this Court's responsibility to develop an argument for an

appellant or scour the record to find evidence to support an argument.

***Cannavo***, 199 A.3d at 1289. Appellant's failure to develop this issue renders

it waived. ***Id.***

Assuming, *arguendo*, that Appellant properly crafted an argument

concerning the computation of time under Rule 600, we would conclude that

the issue was previously litigated. 42 Pa.C.S. § 9543(a)(3). The prior panel

of this Court provided a thorough discussion of the computation of time

relative to Rule 600 and Appellant's application to drug-treatment court. ***Persavage***, 2031 MDA 2015 (unpublished memorandum at **1-3). Appellant's displeasure with the result of his trial and direct appeal does not equate to ineffective assistance of counsel. Were we to address this issue, we would conclude that it was previously litigated, and Appellant would not be entitled to no relief.

For the reasons set forth above, we discern no error in the PCRA court's order. Accordingly, we affirm the September 27, 2018 order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2019