J-S39029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 v. :
 :
 :
 :
DEEANNA LARAE GOMEZ :
 :
 Appellant : No. 48 MDA 2022

Appeal from the Judgment of Sentence Entered December 3, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003275-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 09, 2023**

Appellant, Deeanna Larae Gomez, appeals from the judgment of
sentence of 72 hours' to 6 months' incarceration, and a concurrent term of
one year probation, imposed after she pled guilty to various offenses,
including driving under the influence (DUI) of a controlled substance, 75
Pa.C.S. § 3802(d)(2), and possession of marijuana (small amount), 35 P.S. §
780-113(a)(31)(i). On appeal, Appellant solely challenges the trial court's
denial of her pretrial motion to suppress evidence obtained as a result of her
warrantless arrest and subsequent chemical testing. We affirm.

The trial court summarized the facts established at a suppression
hearing conducted on July 14, 2021, as follows:

> On May 6, 2020, [Pennsylvania State] Trooper [Michael] Artale
> was conducting a stationary traffic patrol shortly before midnight
> when [Appellant's] car passed him travelling at a high rate of
> speed and with an unilluminated right taillight. After pulling his
> vehicle onto the road behind [Appellant's] car, Trooper Artale

clocked her speed by radar at 75[]mph in a posted 65[]mph speed limit zone. At that time, Trooper Artale initiated a traffic stop,[3] and upon approach of the car, [he] detected the smell of burnt marijuana emanating from the passenger compartment. Trooper Artale also observed that [Appellant], the driver and sole occupant of the car, had a disheveled appearance with glassy and bloodshot eyes. [Appellant] voluntarily admitted to smoking marijuana approximately one to two hours prior to the stop.[4] Trooper Artale then asked [Appellant] to exit the vehicle, after which he conducted a search of the same. No additional evidence of contraband or criminal activity was discovered.[5]

[3] [Appellant] does not contest the legality of the initial traffic stop.

[4] The traffic stop began at 11:50 p.m. when Trooper Artale stopped [Appellant] for speeding and the unilluminated taillight. [Appellant] initially said she had smoked marijuana earlier at either 10:00 p.m. or 11.00 p.m.; she later clarified it was closer to 10:00 p.m. when she had smoked.

[5] [Appellant] does not challenge this search.

Subsequent to the search, Trooper Artale administered a number of standard field sobriety tests (SFSTs) to [Appellant], the details of which are stated with specificity in the [police r]eport. In summary, Trooper Artale noted signs of impairment as follows: [Appellant] began tests too soon multiple times, was unable to maintain balance during instructions, swayed during balancing tests, exhibited rapid eyelid tremors consistent with impairment, touched the pad rather than the tip of her finger to her nose several times, frequently moved her head toward her finger, and neither of her eyes converged upon testing. After administering the SFSTs and noting these signs of impairment, Trooper Artale placed the [Appellant] under arrest on suspicion of [DUI] and illegal possession of marijuana. Before Trooper Artale conducted a search of [Appellant's] person pursuant to the arrest, [Appellant] admitted that she had marijuana in her pocket and withdrew a marijuana cigarette. The ensuing search yielded an additional plastic bag containing a small amount of marijuana and rolling paper. [Appellant] was then transported to Lancaster General Hospital where she underwent a blood draw for chemical testing.

Trial Court Opinion (TCO), 9/24/21, at 2-3.

Prior to trial, Appellant filed a motion to suppress, alleging that Trooper Artale lacked reasonable suspicion to "detain her or question her based on the odor of marijuana." Omnibus Pre-Trial Motion, 9/27/20, at 3 ¶ 15 (unpaginated). She contended that, "[a]s the detention and questioning was unlawful, the statements made by [Appellant], the field sobriety tests, the blood results and any other fruits [of the detention and questioning] are unlawful and must be suppressed as well." *Id.* at 3 ¶ 16 (unpaginated). However, in her brief in support of the motion,

> she phrase[d] the question presented as, "|w]hether [the continued] detention and chemical testing of [Appellant] should be suppressed as there were not sufficient reasonable grounds[.]" [Appellant's Brief in Support of Motion, 8/4/21, at 2 (unpaginated).] This statement indicates that [Appellant] initially questioned both the detention for SFSTs and the continued detention for chemical testing. Throughout the brief, however, [Appellant] only addresse[d] the detention for chemical testing, concluding that the "detention for chemical testing and its results must be suppressed." [*Id.*] at 2-7 (unpaginated).

TCO at 9 n.10. The Commonwealth filed a brief in response to Appellant's motion to suppress. After the court conducted a hearing, it entered an order and opinion on September 24, 2021, denying Appellant's motion to suppress.

Appellant thereafter pled guilty to the above-stated offenses and was sentenced to the term set forth *supra*. She filed a timely notice of appeal. On January 5, 2022, the court issued an order directing Appellant to file, within 21 days, a Pa.R.A.P. 1925(b) concise statement of errors complained of on

appeal. Appellant did not file her concise statement until February 9, 2022.[1] Therein, she stated the single issue that she now raises on appeal: "Whether [the trial c]ourt erred in denying suppression of the continued detention of … Appellant and the fruits thereof where that detention was based in part on [the] odor of marijuana and there were not sufficient other factors to lawfully detain Appellant?" Appellant's Brief at 4.

Preliminarily, Appellant waived her challenge to the trial court's denial of her motion to suppress by pleading guilty. "[I]t is well-established that '[a] plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses' and 'waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea.'" *Commonwealth v. Singleton*, 69 A.3d 79, 81 (Pa. Super. 2017) (quoting *Commonwealth v. Andrews*, 158 A.3d 1260, 1265 (Pa. Super. 2017) (citation omitted)).

In any event, even if not waived, we would conclude that no relief is due. This Court has explained that,

> [a]n appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those

---

[1] Despite the facial untimeliness of Appellant's Rule 1925(b) statement, we will address the issue she presents herein, as the trial court's opinion accompanying its order denying suppression adequately discusses that claim. *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that where an appellant files an untimely Rule 1925(b) statement, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal"); TCO at 4-10.

facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (cleaned up).

Here, Appellant challenges the legality of her warrantless arrest following the SFSTs, as well as the validity of her subsequent chemical testing. As the trial court correctly observed,

[t]he unique facts in this matter are governed by two statutes, each with different standards for the level of suspicion required for lawful police action. First, the implied consent statute requires a police officer to have "reasonable grounds" to believe an individual has been driving a vehicle in violation of 75 Pa.C.S.[] §[]3802 (relating to driving under the influence of alcohol or a controlled substance) before that individual may be detained for chemical testing. [*See* 75 Pa.C.S. § 1547(a).] The statute governing warrantless arrests in traffic stops, however, requires an officer to have the more stringent "probable cause to believe that the individual has violated … § 3802." 75 Pa.C.S.[] §[]3811[(a)].

TCO at 9-10. The trial court observed that "Trooper Artale's [police r]eport sets forth a timeline of events for the traffic stop that shows he placed [Appellant] under arrest after the SFSTs but before transporting her for chemical testing." *Id.* at 10 (emphasis omitted). Thus, the trial court first

evaluated "this matter under the standard in [section] 3811 [to] determine whether the totality of the circumstances at that point amounted to probable cause." *Id.* We will do the same.

Under the Pennsylvania Constitution and case law, an arrest without a warrant must be based upon probable cause to be constitutionally valid. *See* Pa. Const. Art. I, § 8; *see also Commonwealth v. Clark*, 735 A.2d 1248, 1251 (Pa. 1999) (stating that a warrantless arrest is valid if law enforcement has probable cause to believe: 1) a felony has been committed; and 2) the person to be arrested is the felon) (citation omitted).

> Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. Probable cause justifying a warrantless arrest is determined by the totality of the circumstances.
>
> Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act. It is only the probability and not a *prima facie* showing of criminal activity that is a standard of probable cause. To this point on the *quanta* of evidence necessary to establish probable cause, the United States Supreme Court … noted that finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision.

*Commonwealth v. Dommel*, 885 A.2d 998, 1002 (Pa. Super. 2005) (cleaned up).

Instantly, Appellant contends that "the odor of marijuana by itself [did] not provide either 'reasonable grounds' or 'probable cause' to arrest and take [her] for chemical testing." Appellant's Brief at 11. She explains that she

"was not noted to be staggering, swaying or falling down. She was not noted to be belligerent or uncooperative." *Id.* at 12-13. Appellant further points out that she was only going 10 mph over the speed limit, which "is not, by itself[,] an indication of unsafe driving or impairment." *Id.* at 13. While Appellant recognizes that she admitted to using marijuana, she stresses that "she did not admit to marijuana use at or close in time to the stop." *Id.* at 14. Thus, she contends that her arrest was illegal and "[t]he detention for chemical testing and its results should have been suppressed…." *Id.*

Appellant's argument is unconvincing. First, our Supreme Court has held that because of the Medical Marijuana Act (MMA), 35 P.S. §§ 10231.101-10231.2110], "the odor of marijuana alone does not amount to probable cause to conduct a warrantless search of a vehicle but, rather, may be considered as a factor in examining the totality of the circumstances." *Commonwealth v. Barr*, 266 A.3d 25, 44 (Pa. 2021). Assuming, *arguendo*, that *Barr* also applies to a determination of probable cause for a warrantless arrest, we conclude that Trooper Artale could consider the odor of burnt marijuana emanating from Appellant's vehicle, *as well as other factors*, in arresting Appellant. Those other factors included Appellant's speeding, her glassy and bloodshot eyes, her disheveled appearance, her admission to smoking marijuana approximately one to two hours before being stopped, and the signs of impairment that she exhibited during the several SFSTs the trooper conducted. While one or two of these factors alone might not have been sufficient to demonstrate probable cause that Appellant was driving while

impaired, the **totality of the circumstances** was clearly adequate. **See Commonwealth v. Dabney**, 274 A.3d 1283, 1293 (Pa. Super. 2022) (finding that the officer had probable cause to conduct a warrantless arrest for DUI where Dabney was speeding, the officer smelled raw marijuana in Dabney's car, Dabney's eyes were dilated and red, and Dabney showed multiple signs of impairment during SFSTs).

Accordingly, we would conclude that Appellant's warrantless arrest was legal. Because Trooper Artale possessed probable cause to arrest Appellant, he also had 'reasonable grounds' to believe she had committed DUI. Thus, we would also determine that Appellant's chemical testing was lawful.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/09/2023