J-A05011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEIYO DIXON | : | |
| | : | |
| Appellant | : | No. 608 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 16, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007920-2017

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 20, 2024**

Appellant, Deiyo Dixon, appeals from the February 16, 2021 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction for Possession of a Firearm by a Prohibited Person.[1] Appellant challenges the denial of his pre-trial motion to suppress evidence. After careful review, we affirm.

**A.**

We glean the following factual and procedural history from the certified record. In May 2017, Detective Kevin McShea, a Philadelphia Police detective assigned to a Federal Bureau of Investigation ("FBI") task force, received information from an FBI confidential informant ("CI") who had provided reliable information in the past. The CI stated that a man known as "D.E."

_____

[1] 18 Pa.C.S. §§ 6105(a)(1).

had arrest warrants for a parole or probation violation, and he carried a .45-caliber handgun. The CI also stated that D.E. was staying at 190 East Herman Street ("No. 190") in Philadelphia and drove a white Cadillac with a certain license tag number. Based on this information, Detective McShea determined that D.E. was Appellant, verified that he had at least one outstanding arrest warrant for a probation or parole violation, and obtained a picture of him.

On May 31, 2017, within one week of receiving this tip, Detective McShea conducted surveillance on the 100 block of East Herman Street. He began his surveillance at approximately 9:00 AM with two backup police officers. He saw the white Cadillac in front of No. 190 and verified that the license tag matched the number given by the CI.

Approximately one hour into the surveillance, Appellant left No. 190 with a grey object that "appeared to be a blanket or towel" in his hands. N.T. Suppression Hr'g, 5/23/19, at 30. Appellant placed the object in the right rear of the Cadillac's trunk then entered the driver's seat. Detective McShea tried to stop Appellant, but he began to drive away. Within a few moments, a water department truck blocked the street and Appellant reversed at a "hurried rate of speed" for approximately 30 feet, and almost struck the backup officers' vehicle as it drove up the street. *Id.* at 11.

Appellant then put the Cadillac in park in the middle of the street, exited, and, with the door still ajar, ran eastbound on East Herman Street. The backup officers tackled Appellant, handcuffed him, and placed him in the police car.

- 2 -

Police then searched the Cadillac. Detective McShea recovered a jar appearing to contain PCP from the pocket of the driver's side door, a scale from the glove compartment, and several cell phones. He then opened the trunk, where he found the grey object—a sweatshirt—concealing a .45-caliber handgun.

The Commonwealth charged Appellant with offenses related to possession of drug paraphernalia and the firearm. Prior to trial, Appellant filed an omnibus pre-trial motion seeking, *inter alia*, to suppress all physical evidence recovered during his arrest. On May 23, 2019, the court held a hearing on the motion to suppress, during which Detective McShea testified in accordance with the above facts. He further testified on cross-examination that he did not know how many outstanding warrants Appellant had and that he only saw the sweatshirt, not the firearm, before Appellant put it in the trunk.

The court credited Detective McShea's testimony and denied the suppression motion. The court stated that it denied the motion because police had probable cause to arrest Appellant based on the outstanding warrant, and thus, they could lawfully search his car incident to arrest. N.T. Suppression Hr'g at 60. It also noted that everything in the car would have inevitably been discovered because Appellant had left his car in the street. **Id.**

On February 16, 2021, Appellant proceeded to a stipulated bench trial. The court convicted him of Possession of a Firearm by a Prohibited Person.[2] The same day, the court sentenced Appellant to the parties' joint recommendation of 3 to 6 years' incarceration with credit for time served, concurrent with his sentence on an unrelated case.

On February 22, 2021, Appellant's counsel filed both a motion for reconsideration of his sentence and a motion to withdraw as counsel. The court granted the motion to withdraw and appointed new counsel on April 23, 2021. It denied the motion for reconsideration on June 4, 2021.

Following the reinstatement of Appellant's appeal rights *nunc pro tunc*, Appellant filed a timely notice of appeal.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following issues for our review:

I. Did the suppression court err in denying [A]ppellant's pretrial motion to suppress the firearm as there was no reasonable suspicion or probable cause to search the car and recover the firearm[?] The firearm was wrapped in a sweatshirt that was in

---

[2] The Commonwealth *nolle prossed* one count each of Carrying a Firearm Without a License, Carrying a Firearm in Public in Philadelphia, and Use/ Possession of Drug Paraphernalia.

[3] On December 31, 2022, prior to reinstatement of his appeal rights, Appellant filed a Motion for Credit for Time Served. The court denied the motion, and Appellant appealed. That appeal is before this Court at 610 EDA 2023.

[4] The trial court submitted a letter directing this Court to pages 56 through 60 of the suppression hearing transcript, in which the court delivered its ruling on the motion to suppress, in lieu of a Rule 1925(a) opinion. Letter in Lieu of Opinion, 5/9/23, at 1 (unpaginated).

the trunk of a car, not in plain-view [*sic*], and was removed from inside the sweatshirt by police. This warrantless search violated [A]ppellant's rights against unreasonable search and seizure under Article I, Section 8 of the PA Constitution and the 4th and 14th amendments of the U.S. Constitution[.]

II. Did the suppression [c]ourt err in denying the [A]ppellant's pretrial motion to suppress the firearm as [Appellant] was unlawfully seized by police who lacked reasonable suspicion or probable cause and where the firearm was recovered as a result of a forced abandonment of the firearm that was in the car from which [Appellant] was forced to flee[?] This warrantless search violated [A]ppellant's rights against unreasonable search and seizure under Article I, Section 8 of the PA Constitution and the 4th and 14th amendments of the U.S. Constitution[.]

Appellant's Br. at 7.

**B.**

Both of Appellant's claims challenge the trial court's denial of his motion to suppress. "Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Evans*, 153 A.3d 323, 327 (Pa. Super. 2016) (citation omitted). "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047–48 (Pa. 2012). Our scope of review of the suppression court's factual findings is limited to the record from the suppression hearing. *Commonwealth v. Barr*, 266 A.3d 25, 39 (Pa. 2021). "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the

legal conclusions drawn therefrom are in error." ***Id.*** Additionally, an appellate court can affirm a valid judgment for any reason supported by the record. ***Commonwealth v. Conforti***, 303 A.3d 715, 729 (Pa. 2023).

\*

In his first claim, Appellant maintains that police lacked both probable cause and exigent circumstances, as required by ***Commonwealth v. Alexander***, 243 A.3d. 177 (Pa. 2020), to conduct a warrantless search of his car. Appellant's Br. at 16. Specifically, he argues that police lacked probable cause to believe there was contraband in his trunk because they had not seen him do anything illegal, and there were no exigent circumstances to conduct a warrantless search of his car because it "was stopped and no longer in danger of being driven away." ***Id.*** at 19-21.

Initially, we note that, although Appellant's argument relies on ***Alexander***, he filed his motion to suppress before our Supreme Court decided ***Alexander***.[5] Prior to ***Alexander***, the automobile exception to the warrant requirement permitted police to conduct a warrantless search of a vehicle with probable cause and did not require exigency beyond a vehicle's "inherent mobility." ***Commonwealth v. Gary***, 91 A.3d 102, 138 (Pa. 2014), *overruled by* ***Alexander***, 243 A.3d 177. Accordingly, at the time Appellant sought suppression, the law did not require exigent circumstances to conduct a warrantless search of a vehicle where police had probable cause.

_____

[5] Our Supreme Court decided ***Alexander*** on December 22, 2020.

Although **Alexander** overruled **Gary** during the pendency of his appeal, Appellant does not automatically benefit from the change in the law. Rather, "[c]ase law is clear [] that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal." **Commonwealth v. Tilley**, 780 A.2d 649, 652 (Pa. 2001) (citation and internal quotation marks omitted); **see also Commonwealth v. Grooms**, 247 A.3d 31, 37 n. 8 (Pa. Super. 2021) (holding that appellant waived claim pursuant to **Alexander** where he did not challenge the existence of exigent circumstances or the validity of **Gary** before the suppression court).

Here, our review of the record indicates that Appellant did not challenge the lack of exigent circumstances or argue that **Gary** should be overruled during his motion to suppress. In fact, in acknowledging the Commonwealth's argument that police were permitted to search the car pursuant to **Gary**, Appellant's counsel stated during argument that he "underst[oo]d [the Commonwealth's] reliance on [] **Gary**. It's well-established case law [] that gives the officers broad leeway to search a car absent exigent circumstances." I concede that." N.T. Suppression Hr'g at 53. Accordingly, because Appellant did not preserve this claim in the suppression court, it is waived, and he is not entitled to the benefit from the change in the law. His argument based on **Alexander**, thus, affords him no relief.

\*

In his second claim, Appellant maintains that the court erred in denying suppression because police seized him without reasonable suspicion or probable cause when they "converge[d]" on him and gave chase, thus forcing him to abandon the Cadillac, and, by extension, the firearm. Appellant's Br. at 22. In support of his argument, Appellant relies on **Commonwealth v. Matos**, 672 A.2d 769 (Pa. 1996).[6] Appellant's Br. at 22.

Based on our review of the record, we conclude that Appellant failed to raise a forced abandonment theory in the suppression court. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "This requirement bars an appellant from raising a new and different theory of relief for the first time on appeal." **Commonwealth v. McFalls**, 251 A.3d 1286, 1293 (Pa. Super. 2021) (citation and internal quotation marks omitted). Relevantly, "appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." **Commonwealth v. Little**, 903 A.2d 1269, 1272-73 (Pa. Super. 2006). Accordingly, Appellant has waived this claim because he failed to raise it in the suppression court.

---

[6] In **Matos**, our Supreme Court held that contraband discarded during a pursuit is the result of forced abandonment, and thus the fruit of an illegal seizure, unless police had at least reasonable suspicion to detain the person being pursued. 672 A.2d at 770.

However, even if this claim were not waived, it would lack merit. Contraband discarded during a pursuit is subject to suppression as a result of forced abandonment only if police pursued a defendant without either reasonable suspicion to detain him or probable cause to arrest him. **Matos**, 672 A.2d at 770. When police have reasonable suspicion or probable cause to detain or arrest a defendant and, therefore, do not engage in "unlawful and coercive" conduct by pursuing him, any items he abandons during the pursuit are considered voluntarily abandoned, and, thus, he has no privacy expectation in them. **Commonwealth v. Byrd**, 987 A.2d 786, 790-91 (Pa. Super. 2009).

Police have probable cause to arrest a defendant if "the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." **Commonwealth v. Clark**, 735 A.2d 1248, 1252 (Pa. 1999) (citation omitted). In considering probable cause, we look to the totality of the circumstances. **See Commonwealth v. Brogdon**, 220 A.3d 592, 599 (Pa. Super. 2019). Relevantly, to establish that police had probable cause to arrest based on an outstanding warrant, the Commonwealth must prove by a preponderance of the evidence that a valid warrant existed.[7] **Commonwealth v. Heidelberg**, 267 A.3d 492, 501-02 (Pa. Super. 2021).

_____

[7] Although the Commonwealth did not present the warrant, the court credited Detective McShea's testimony that he verified the warrant's existence. **See**
*(Footnote Continued Next Page)*

Here, unlike in **Matos**, the record indicates that police had probable cause to arrest Appellant, specifically because Detective McShea verified that Appellant had at least one active arrest warrant. N.T. Suppression Hr'g at 8, 59-60. Because police had probable cause to arrest Appellant, the officers could lawfully pursue him, and, thus, they did not engage in unlawful or coercive conduct that forced him to abandon the Cadillac. Accordingly, in the absence of unlawful police action, Appellant voluntarily abandoned the Cadillac, and therefore had no expectation of privacy in it. **Byrd**, 987 A.2d at 790-91. Accordingly, the court properly denied suppression. **Conforti**, 303 A.3d at 729 (reiterating that an appellate court can affirm a valid judgment for any reason supported by the record).

### C.

We conclude that the court properly denied Appellant's motion to suppress. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

---

**Commonwealth v. Heidelberg**, 267 A.3d 492, 501 (Pa. Super. 2021) (determining that officer's credible testimony is sufficient to prove the warrant's existence by a preponderance of the evidence because evaluating credibility at a suppression hearing is for the factfinder).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024